# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2030-GW-MRWx | Date | March 27, 2020 |
|---|---|---|---|
| Title | *Marisa Martinez v. Family Dollar Stores, Inc.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER VACATING MOTION HEARING DATE AND REMANDING ACTION**

    Family Dollar Stores, Inc. ("Defendant") removed this action to this Court on March 2, 2020, asserting that this Court has jurisdiction over this action pursuant to the provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). The Court remands the action to Los Angeles County Superior Court because Defendant has not plausibly met its burden of demonstrating the requirements for CAFA jurisdiction. As such, the Court also vacates both: 1) the April 16, 2020 hearing set on Defendant's motion to stay proceedings pending a decision by the judicial panel on multi-district litigation, and 2) the scheduling conference set for this action.

    "[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015); *id.* at 1198 (requiring defendants to "us[e] reasonable assumptions underlying the defendant's theory of damages exposure"). "[A] damages assessment may require a chain of reasoning that includes assumptions. When that is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Id.* at 1199.

    The principal reason the Court concludes Defendant has not plausibly alleged a basis for federal jurisdiction or met its burden of demonstrating CAFA jurisdiction has to do with the amount-in-controversy showing. The Court's explanation of its analysis on that point begins with the observation that Defendant appears to have effectively picked a number from thin air in asserting that the necessary minimum number of class members is involved here. In her Complaint, Plaintiff has defined her desired class as a class of California residents consisting of "all persons with qualified mobility disabilities who have attempted, or will attempt, to access the interior of any store owned or operated by Defendant within the State of California and have, or will have, experienced access barriers in interior paths of travel." Complaint ¶ 32. Defendant takes the position that the class would have to be limited to a 2-year

     :    

Initials of Preparer    JG

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2030-GW-MRWx | Date | March 27, 2020 |
|---|---|---|---|
| Title | *Marisa Martinez v. Family Dollar Stores, Inc.* | | |

statute-of-limitations period. *See* Notice of Removal ¶ 26.

Defendant corrects Plaintiff's allegation in her Complaint that Defendant has (or had) 309 stores in California, clarifying that there were in fact approximately 151 stores in California during the statute of limitations period. *See* Notice of Removal ¶ 26. In addition, it offers the conclusion that "[a]s claimed by Plaintiff, the putative class *may exceed* one (1) putative class member per store." *Id.* (emphasis added); *see also id.* ¶ 38 ("The putative class – based on Plaintiff's allegation of asserting a violation in every Family Dollar store – is 151 members."). Defendant offers no citation supporting that speculation – no discovery response from Plaintiff, no facts from its own corporate records, nothing. It is, apparently, just a guess. An allegation that there has been a violation of applicable law in every store – even if that allegation had clearly been made in Plaintiff's Complaint – in no way means that there is a putative class member for every store. Defendant's effort in this regard will not do.

Defendant then uses that seemingly-random class-size number to calculate statutory damages under the Unruh Civil Rights Act and Disabled Persons Act. In doing so, Defendant extrapolates from Plaintiff's own allegation that she visits the store in Whittier, California on a weekly basis, *see* Complaint ¶ 20, to conclude that every member of the class – again, for a class-size that Defendant has simply guessed at – has done likewise, amounting to a $4,000 per occurrence and $1,000 per occurrence figure of $72,480,000. Just as with the number of class-members, however, Defendant offers nothing other than Plaintiff's own individual experience to conclude that any – let alone every – member of the putative class would have visited one (or all) of Defendant's stores on a weekly basis.

Defendant also uses its made-up class-size number to calculate emotional distress damages class-wide, adding $604,000 to the overall figure it believes has been put in controversy. *See* Notice of Removal ¶¶ 28-30. Even putting aside the problem with Defendant's class-size guess, there is no obvious indication in the Complaint that Plaintiff seeks emotional distress damages class-wide. *See* Complaint ¶ 44.

The Court also believes that Plaintiff has wildly overstated the value of injunctive relief requested in Plaintiff's Complaint, at least in part by overstating what injunctive relief is at issue. Defendant measures the value of this relief at $3,000 per store because of the cost to it of "redesigning . . . store floor plans." Notice of Removal ¶ 35. In reality, insofar as any burden on Defendant is concerned,[1] Plaintiff seeks injunctive relief ordering that Defendant "remediate all interior path of travel

---

[1] Plaintiff also asks for an order that "*Plaintiff's representatives* shall monitor Defendant's California stores to ensure that the injunctive relief ordered pursuant to this Complaint has been implemented and will remain in place." Complaint ¶ 13(c) (emphasis added). Defendant has not explained why this aspect of the requested injunctive relief allowing "Plaintiff's

| | : |
|---|---|
| Initials of Preparer | JG |

**REMAND / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2030-GW-MRWx | Date | March 27, 2020 |
|---|---|---|---|
| Title | *Marisa Martinez v. Family Dollar Stores, Inc.* | | |

access barriers at Defendant's California stores" and that it "change its policies and practices to ensure its facilities are fully accessible to, and independently usable by, individuals who use wheelchairs or scooters." Complaint ¶¶ 13(a), 13(b); *see also id.* ¶ 31 ("Plaintiff seeks an injunction to remove the barriers currently present in Defendant's California stores and an injunction to modify the policies and practices that have created or allowed, and will create or allow, access barriers in Defendant's California stores."); Prayer ¶ b. In essence, Plaintiff is simply asking that Defendant be ordered to move things out of its aisles and to change its "policies and practices." There is no indication that this would involve or require any systematic "redesign" of stores' "floor plans."

Finally, the Court notes that Defendant appears to have relied upon an outdated test for measuring its principal place of business (and therefore one arm of its dual citizenship). In its Notice of Removal, Defendant states that its principal place of business is in Virginia, because that is "where [it] conducts a predominance of its corporate and business activities." Notice of Removal ¶ 16. This is no longer the test for assessing a corporation's principal place of business. *Compare Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010), *with Davis v. HSBC Bank Nev., N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009).[2] As a result, Defendant has not properly established the necessary minimal diversity of citizenship CAFA requires.

Especially because of Defendant's obviously overstated and baseless figures that it appears to have plucked from thin air and/or used despite having no correlation to statements, claims or theories actually appearing in Plaintiff's Complaint, the Court concludes that it has not "plausibly" alleged a basis for federal jurisdiction pursuant to CAFA. Defendant's amount-in-controversy calculation is almost entirely unreliable. In addition, as noted above, Defendant has not properly demonstrated minimal diversity of citizenship. As such, the Court *sua sponte* remands the action to Los Angeles County Superior Court. *See Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924 (9th Cir. 2019) ("[W]hen a notice of removal *plausibly* alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a

---

representatives" access to the stores would add anything at all to the value calculation when viewed from the perspective of expenses that Defendant would be required to undertake.

[2]In a supporting declaration, Defendant points to a reference in the North Carolina Secretary of State's records to a "Principal Office" located in Chesapeake, Virginia. *See* Declaration of Elisabeth F. Whittemore, ¶ 8 & Exh. B. What is lacking, however, is any indication that either the North Carolina Secretary of State, in its standards, or Defendant, in its understanding of how to respond to states' informational requests, employs the same approach to defining a "principal place of business" as does the Supreme Court in *Hertz Corp.*

:

Initials of Preparer    JG

REMAND / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2030-GW-MRWx | Date | March 27, 2020 |
|---|---|---|---|
| Title | *Marisa Martinez v. Family Dollar Stores, Inc.* | | |

preponderance of the evidence that the jurisdictional requirements are satisfied.") (emphasis added).[3] It also vacates the upcoming motion to stay and scheduling conference set for April 16 and April 20, 2020, respectively.

---

[3] As noted at the outset of this order, there is currently a motion pending in this action to stay this case pending a decision by a Multi-District Litigation ("MDL") panel as to whether to transfer this action to an MDL proceeding. In this Court's experience, MDL transfer orders often wind up *preceding* hearings set to consider such stay requests in the original presiding federal court. There is, therefore, a very real risk that this action could wind up being transferred to an MDL proceeding before the parties would be able to meaningfully respond to any order asking for further information bearing upon the defects in Defendant's jurisdictional showing set out above.

:

Initials of Preparer   JG